IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01710-LTB-KMT

MONROE JOHNSON,

    Plaintiff,

v.

STAFF CO AGUIRRE, Box 6000, 12101 Hwy 61, Sterling, CO 80751,
STAFF LT. GLISSMAN, Box 6000, 12101 Hwy 61, Sterling, CO 80751, and
MEDICAL NP RITTENHOUSE, Box 6000, 12101 Hwy 61, Sterling, CO 80751,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's Eighth Amendment rights. This matter is before the court on "Defendants' Motion for Summary Judgment" (Doc. No. 44). Jurisdiction is asserted under 42 U.S.C. § 1983 (2007).

### STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. Plaintiff is an inmate incarcerated in the Colorado State Penitentiary ("CSP"). Plaintiff states his claims relate to a combination of medical neglect, deliberate indifference and medical malpractice, and custody-related housing and administrative issues while he was incarcerated at the Sterling Correctional Facility ("SCF"). (Prisoner Compl. at 2–3 [hereinafter "Compl."] [filed October 16, 2007].) Plaintiff has named as defendants Staff

CO Aguirre; Staff Lt. Glissman; and Medical NP Rittenhouse, all employees of SCF. (*Id.* at 1–2.) Plaintiff asserts he was "bottom bunk restricted" due to a weak and deteriorating ankle. (*Id.* at 3–4.) Plaintiff states on December 19, 2006, Defendant Aguirre and Defendant Glissman denied him his bottom bunk restriction, thereby violating his Eighth Amendment rights. (*Id.* at 5.) Plaintiff contends that on December 31, 2006, at 5:30 a.m. he fell and cut his chin after his ankle gave out while he was stepping down from his top bunk. (*Id.* at 4.) Plaintiff alleges the fall was caused by his top bunk placement. (*Id.*) Plaintiff states he was taken to the hospital for treatment and stitches and that this "treatment ok so far." (*Id.*) Plaintiff states on January 4, 2007, fluids and puss began "spewing" out of his incision. (*Id.*) Plaintiff alleges "from this point forward [Defendant] Rittenhouse and SCF medical staff ignored [his] pain, infections and open wound," thereby violating his Eighth Amendment rights. (*Id.*) Plaintiff further alleges that Defendant Rittenhouse repeatedly denied him medical treatment and/or proper medication for pain and infection. (*Id.* at 6.)

## PROCEDURAL HISTORY

Plaintiff filed his Prisoner Complaint on October 16, 2007, seeking a "permanent, irrevocable bottom-tier bunk restriction" for the duration of his incarceration; a formal reprimand and punishment to be placed in the defendants' employment files; and monetary damages. (*Id.* at 8.) Defendants filed their motion for summary judgment on August 28, 2008. (Defs.' Mot. for Summ. J. [hereinafter "Defs.' Br."].) Defendants seek summary judgment on the bases that: (1) Defendants were not deliberately indifferent to Plaintiff's serious medical needs; (2) Plaintiff's allegation of negligence does not establish an Eighth Amendment claim; and (3) Defendants are

entitled to qualified immunity. Plaintiff did not file a response to the motion for summary judgment. This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

## 2. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## ANALYSIS

*1.     Eighth Amendment Claim*

Prison officials violate the Eighth Amendment if their "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). A claim based on "an inadvertent failure to provide adequate medical care" or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006) (overruled on other grounds) (citations omitted). "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106).

To demonstrate an Eighth Amendment violation, an inmate must satisfy both objective and subjective elements. The objective component is met if the deprivation is "sufficiently serious" — one that "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component of the deliberate indifference test is met if the defendant "knows of and disregards an excessive risk to inmate health or safety." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). A prison medical professional who "knows that his role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition" may be held liable under the deliberate

5

indifference standard if that person delays or refuses to fulfill that gatekeeper role. *Id.* at 1211.

"Deliberate indifference" does not require a showing of express intent to harm. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). Rather, it is enough that the official acted or failed to act despite his or her knowledge of a substantial risk of serious harm. *Id.* To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff broadly concludes Defendants violated his Eighth Amendment rights by denying him a bottom bunk; by repeatedly denying him medical treatment and medications; and by ignoring his pain, infections, and open wound. (*See* Compl. at 4–6.) However, Plaintiff has failed to state any facts supporting these conclusions. The affidavits and medical records attached to Defendants' motion for summary judgment actually contradict these conclusions. First, according to Defendant Glissman, at the time of Plaintiff's accident, Plaintiff did not have a bottom bunk restriction, and Defendant Glissman does not have the authority to order a bottom bunk restriction. (Defs.' Br., Ex. A, Aff. of Rod Glissmann ¶ 7–8.) On September 18, 2006, Plaintiff was seen in the DOC health department for evaluation of "his need for a bottom bunk as ordered 8/05." (*Id.*, Ex. B, Aff. of Liz Mestas, Attach. 1.) The medical record for that date notes that the health care provider asked the patient "if he had any concerns–CP/back, knee/hip/shoulder pain, neuropathy, dizziness, seizures." (*Id.*) The medical record then notes that the patient "answered no to all. He states that his 'only problem' is chronic hemorrhoids."

6

(*Id.*) Therefore, on that same date, his bottom bunk restriction was removed. (*Id.*) There are no further medical records indicating Plaintiff requested evaluation for a bottom bunk restriction until January 24, 2007, nearly one month after the accident in which he injured his chin, when Plaintiff requested "'reinstatement of Bottom Bunk etc that he enjoyed @ prev. instutution." (*Id.*, Attach. 7.) The health care provider who evaluated Plaintiff at that time determined that Plaintiff did not fulfill any of the criteria to support such a bunk restriction and "attempted to show him without success that he is not a medical candidate for his request!" (*Id.*) Therefore, Plaintiff has failed to show he has a "serious medical need" for a bottom bunk. *Oxendine*, 241 F.3d at 1276. Nor has Plaintiff shown that the defendants disregarded an excessive risk to his health or safety by denying him a bottom bunk restriction. *Sealock*, 218 F.3d at 1209.

Second, Plaintiff's medical records show he was seen six times from January 4, 2007, through January 24, 2007, for evaluation and follow-up on his chin injury. (Defs.' Br., Ex. B, Aff. of Liz Mestas, Attachs. 2–7.) On January 4, 2007, Plaintiff was given one dose of T#3 and prescriptions for Bactrim DS and Motrin. (*Id.*, Attach. 2.) The January 5, 2007, records note that the plaintiff "tolerated the antiobiotic well and the T#3 helped with the pain." (*Id.*, Attach. 3.) On that date, Plaintiff was given an additional seven-day prescription for Tylenol #3. (*Id.*) On January 8, 2007, it was noted that the plaintiff "feels as though [the infection] is improving, he is taking the mediation as prescribed." (*Id.*, Attach. 4.) On January 19, 2007, it was noted that the plaintiff's "wound has healed" and that "there is no pain involved." (*Id.*, Attach. 6.) Therefore, Plaintiff has not shown that he was denied any medical treatment or medications or that the defendants ignored his pain, infections, and open wound. Plaintiff has not shown acts or

7

omissions sufficiently harmful to evidence deliberate indifference to his medical needs constituting an Eighth Amendment violation.  *Self*, 439 F.3d 1230.  Plaintiff has failed to show he has a "serious medical need" for treatment.  *Oxendine*, 241 F.3d at 1276.  Plaintiff has failed to show that the defendants disregarded an excessive risk to his health or safety.  *Sealock*, 218 F.3d at 1209.

Moreover, to the extent Plaintiff alleges Defendants were negligent in their treatment of him, his allegation fails to state an Eighth Amendment claim.  "A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation."  *Perkins*, 165 F.3d at 811.  Allegations of negligence are not cognizable in a § 1983 claim.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Deliberate indifference requires a higher degree of fault than negligence or even gross negligence.  *Berry v. City of Muskogee*, 900 F.2d 1489, 1495–96 (10th Cir. 1990).  Therefore, as there is no genuine issue of material fact, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion for Summary Judgment" (Doc. No. 44) be GRANTED and that this case be dismissed in its entirety.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 23rd of January, 2009.

                                       **BY THE COURT:**

                                       */s/ Kathleen M. Tafoya*

                                       Kathleen M. Tafoya
                                       United States Magistrate Judge